**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF FLORIDA**

**TAMPA DIVISION**

**QUADAVIS BATTLE,**
Plaintiff,

v. Case No. 8:26-cv-2954-JLB-SPF

**COASTAL CARE RESIDENCE LLC,**
a Florida Limited Liability Company, and
**CHEVELLE R. JORDAN, individually,**
Defendants.

SEP 25 2026 PM2:18
FILED - USDC - FLMD - TPA

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Quadavis Battle, proceeding pro se, brings this action against Defendants Coastal Care Residence LLC and Chevelle R. Jordan for unpaid overtime compensation and unlawful employment discrimination and alleges as follows:

## I. NATURE OF THE ACTION

1. This action arises from Defendants' alleged failure to properly compensate Plaintiff for overtime work and alleged unlawful discrimination in the terms and conditions of Plaintiff's employment.

2. Plaintiff seeks relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et **seq.**, including unpaid overtime compensation and liquidated damages.

3. Plaintiff also seeks relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., to the extent all statutory coverage requirements are satisfied.

4. Plaintiff alleges that Defendants repeatedly failed to properly compensate him for overtime hours and treated Plaintiff differently concerning employment opportunities and/or compensation because of sex.

5. Plaintiff further alleges that Defendants' conduct and communications ultimately contributed to working conditions that caused Plaintiff to resign.

IFP

## II. JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law.

7. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b).

8. This Court has jurisdiction over Plaintiff's Title VII claim pursuant to applicable federal law, subject to satisfaction of Title VII's statutory requirements.

9. Venue is proper in the Middle District of Florida because a substantial portion of the events giving rise to Plaintiff's claims occurred within this judicial district.

## III. PARTIES

10. Plaintiff Quadavis Battle is an individual and former employee of Coastal Care Residence LLC.

11. Defendant Coastal Care Residence LLC is a Florida limited liability company that employed Plaintiff.

12. Defendant Chevelle R. Jordan exercised operational control over aspects of Plaintiff's employment, including, as applicable, scheduling, compensation, payroll, timekeeping, and employment practices.

13. Plaintiff alleges that Jordan acted directly or indirectly in the interest of Coastal Care Residence LLC in relation to Plaintiff and constituted an employer under the FLSA to the extent established by the evidence.

## IV. FACTUAL ALLEGATIONS

14. Plaintiff began working for Coastal Care Residence LLC on or about November 2025.

15. Plaintiff worked as a Direct Support Professional ("DSP").

16. Plaintiff's regular hourly rate of pay was $16.00 per hour.

17. Plaintiff regularly worked more than forty (40) hours during individual workweeks.

18. During numerous workweeks, Plaintiff worked approximately 60 hours, including approximately 20 hours above forty.

19. At a $16.00 regular hourly rate, Plaintiff's ordinary overtime rate was approximately $24.00 per hour, subject to any adjustments to the regular rate required by law.

20. During numerous pay periods, Defendants allegedly paid Plaintiff straight-time compensation for overtime hours and/or otherwise failed to pay Plaintiff the entire overtime compensation required for compensable hours exceeding forty.

21. Defendants knew or should have known the number of hours Plaintiff worked because Defendants scheduled or permitted Plaintiff's work and maintained or controlled timekeeping and payroll records.

22. Plaintiff alleges that certain payroll and/or timekeeping records were inaccurate, incomplete, altered, or otherwise failed to accurately reflect all compensable hours and compensation owed.

23. Plaintiff possesses pay statements, time information, communications, recordings, and other evidence relevant to his hours and compensation.

24. Plaintiff alleges that an owner or manager made statements indicating that overtime opportunities were provided selectively to certain employees.

25. Plaintiff alleges that he was treated differently concerning overtime opportunities, compensation, and/or other terms and conditions of employment.

26. Plaintiff alleges that such differential treatment was motivated, at least in part, by **sex**.

27. Plaintiff alleges that similarly situated employees of a different sex and/or other employees were treated more favorably concerning overtime opportunities or other employment conditions.

28. Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC").

29. The EEOC issued Plaintiff a Notice of Right to Sue, which Plaintiff received on or about 9/11/2026.

30. Plaintiff alleges that he has satisfied the administrative prerequisites applicable to his Title VII claim.

## V. RESIGNATION AND FINAL COMPENSATION

31. During the latter portion of Plaintiff's employment, disputes concerning Plaintiff's compensation continued.

32. Plaintiff alleges that Defendants sent communications and engaged in conduct indicating that they wanted Plaintiff's employment to end.

33. Plaintiff alleges that this conduct occurred in connection with his sex and/or protected activity, to the extent supported by the evidence.

34. Plaintiff's final paycheck was approximately $300 less than the amount Plaintiff expected to receive based upon the hours worked and compensation he understood to be due.

35. Plaintiff does not presently know the precise reason for the approximately $300 discrepancy because relevant payroll and timekeeping information is maintained or controlled by Defendants.

36. Plaintiff alleges that the repeated compensation discrepancies, communications, and other employment conduct created increasingly difficult working conditions.

37. Plaintiff ultimately resigned from his employment.

38. Plaintiff alleges that, to the extent established by the evidence, Defendants deliberately created or permitted working conditions sufficiently intolerable that a reasonable employee in Plaintiff's circumstances would have felt compelled to resign.

39. Plaintiff therefore alleges that his resignation constituted a constructive discharge, to the extent the requirements for that doctrine are established by the evidence.

## COUNT I

## FAILURE TO PAY OVERTIME

Fair Labor Standards Act - 29 U.S.C. §§ 207 and 216(b)

40. Plaintiff incorporates paragraphs 1 through 39 to the extent applicable.

41. Plaintiff was an employee entitled to the protections of the FLSA's overtime provisions.

42. Defendants were Plaintiff's employer and/or joint employers within the meaning of the FLSA to the extent established by the evidence.

43. Plaintiff worked compensable hours exceeding forty during numerous workweeks.

44. Defendants failed to pay Plaintiff the legally required overtime compensation for all compensable overtime hours.

45. Plaintiff consequently suffered unpaid overtime wage damages.

46. Plaintiff alleges that Defendants knew their compensation practices were subject to federal overtime requirements or acted with reckless disregard concerning whether their practices complied with the FLSA.

47. Plaintiff therefore alleges that Defendants' violations were willful for purposes of the applicable limitations period.

48. Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks his unpaid overtime compensation and an equal amount as liquidated damages except to the extent Defendants establish a legally sufficient defense.

## COUNT II

## SEX DISCRIMINATION

Title VII of the Civil Rights Act of 1964

49. Plaintiff incorporates the preceding factual allegations to the extent applicable to this Count.

50. Plaintiff was an employee of Coastal Care Residence LLC.

51. Plaintiff alleges that he belongs to a class protected by Title VII based upon sex.

52. Plaintiff alleges that he was subjected to differential treatment concerning compensation, overtime opportunities, and/or other terms, conditions, or privileges of employment because of his sex.

53. Plaintiff alleges that similarly situated employees of a different sex and/or employees otherwise treated more favorably received overtime opportunities, compensation, or other employment treatment that Plaintiff was denied.

54. Plaintiff alleges that his sex was a motivating factor in the challenged employment treatment.

55. Plaintiff filed a charge of discrimination with the EEOC concerning the alleged discriminatory conduct.

56. Plaintiff received a Notice of Right to Sue from the EEOC and commenced this action within the period permitted by applicable law.

57. Plaintiff alleges that the discriminatory treatment caused lost compensation and other damages recoverable under applicable law.

## COUNT III

## CONSTRUCTIVE DISCHARGE

As Related to Plaintiff's Employment Discrimination Claim

58. Plaintiff incorporates the preceding allegations to the extent applicable.

59. Plaintiff alleges that Defendants repeatedly subjected him to compensation discrepancies and other adverse employment treatment.

60. Plaintiff further alleges that Defendants' communications and conduct demonstrated an intention or desire that Plaintiff's employment end.

61. Plaintiff alleges that the cumulative conditions became sufficiently intolerable that a reasonable person in Plaintiff's position would have felt compelled to resign.

62. Plaintiff resigned from his employment.

63. Plaintiff alleges that his resignation constituted a constructive discharge caused by unlawful employment practices, to the extent established by the evidence.

64. Plaintiff seeks any back pay, front pay, lost benefits, and other relief available as a result of the alleged unlawful conduct and resulting loss of employment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and award monetary and other relief up to $110,000.00, or such amount as established by the evidence and permitted by law, including:

A. All unpaid overtime compensation established under the FLSA;

B. An equal amount as FLSA liquidated damages where authorized;

C. Any legally recoverable unpaid wages associated with Plaintiff's final paycheck;

D. Back pay and lost employment benefits to the extent recoverable;

E. Front pay to the extent warranted and permitted;

F. Compensatory damages available under Title VII, subject to applicable statutory limitations;

G. Punitive damages under Title VII if the applicable legal standard is established and subject to applicable statutory limitations;

H. Pre-judgment and post-judgment interest where legally available;

I. Taxable costs and other recoverable litigation expenses;

J. Appropriate declaratory and equitable relief; and

K. Such other relief as the Court determines just and proper.

Plaintiff presently requests total monetary relief up to $110,000.00, without limiting Plaintiff's ability to recover such amount as is ultimately established by the evidence and authorized by applicable law.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**QUADAVIS BATTLE**
Plaintiff, Pro Se

202 lake Parsons dr. apt 207

Brandon, FL, 33511

352-397-7686

Email: Quadavisb@gmail.com

Date: 9/25/2026

Signature: JBattle